UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN M. SOCHA,

      Plaintiff,

    v.                                Case No. 05-C-572

OSI COLLECTION SERVICES, INC.,
d/b/a MEDICAL ACCOUNTING SERVICE,

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY CLASS

### I. FACTUAL BACKGROUND

On May 24, 2005, Plaintiff Kathleen M. Socha ("Socha") filed a class action complaint against defendant OSI Collection Services, Inc. ("OSI"). The complaint sets forth three counts alleging that OCI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending a debt collection letter which contained false and misleading representations and which failed to state the true name of the debt collector.

In February, 2005, the plaintiff received a debt collection letter from OSI for an alleged debt owed to "Elmbrook Memorial Hospital" stating that "Your Health Care Provider has transferred your outstanding balance to Medical Account Service (MAS)." (Compl., Ex. A.) On the reverse of this letter was a notice of billing rights and a computation of the finance charge under the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666 et seq. The notice required under the FDCPA is located following the FCBA notice. OSI's name does not appear on the letter. Under Count I, the plaintiff alleges that including the FCBA notice was a false and misleading representation because the FCBA

does not apply to the plaintiff's account, in violation of 15 U.S.C. § 1692(g). Count II alleges that the FCBA notice contradicted the required FDCPA notice, and the resulting confusion to an unsophisticated consumer also violated 15 U.S.C. § 1692(g). Count III alleges that OSI failed to state the true name of the debt collector by not including OSI's name anywhere in the letter, in violation of 15 U.S.C. § 1692e(14). Socha seeks statutory damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

On May 16, 2006, the plaintiff filed a motion to certify a class in this action. The plaintiff seeks certification of a class consisting of "(a) all natural persons in the State of Wisconsin (b) who were sent a debt communication in the form represented by Exhibit A [to the Plaintiff's complaint], (c) seeking to collect a debt for personal, family or household purposes, (d) on or after May 24, 2004, (e) that was not returned by the postal service." (Pl.'s Mot. at 1.) The plaintiff's motion for class certification is now fully briefed and ready for resolution.

## II. DISCUSSION

There are four threshold requirements applicable to class certification. They are that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Once numerosity, commonality, typicality, and adequacy of representation are satisfied, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, the applicable provision is Rule 23(b)(3), which requires that "the court finds that the questions of law or fact common to the members of the class predominate over

any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The party seeking class certification bears the burden of showing that certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

## A. Rule 23(a): Numerosity and Commonality

The requirements of numerosity and commonality are not included in the defendant's grounds for opposition. In general, for classes numbering at least 40 joinder is considered impracticable. *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969). Here OSI has requested confidentiality and provided under seal the number of people to whom it sent the debt communication form at issue. Joinder of the number of litigants disclosed by the defendant would be impracticable. Accordingly, the plaintiff has satisfied the numerosity requirement.

The commonality requirement of Rule 23(a)(2) is usually satisfied when there exists "[a] common nucleus of operative fact." *Rosario*, 963 F.2d at 1018 (citation omitted). Furthermore, "[c]ommon nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted).

In the case at hand, OSI engaged in standardized conduct by mailing to the proposed class members allegedly illegal form letters. Thus, there exists a common nucleus of operative fact. Accordingly, the commonality requirement is satisfied.

## B. Rule 23(a): Typicality

The Rule 23(a)(3) typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of

3

the class at large. 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Moreover, "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *Id*.

Here, the plaintiff's claim arises from the same course of conduct which gives rise to the other class members' claims. Namely, each of the proposed class members has received an identical form letter as that received by the plaintiff. Furthermore, each class members' claim relies on the same legal theory under the FDCPA. Specifically, that the form letters were false, misleading or confusing, and failed to state the true name of the debt collector. I am therefore satisfied that Socha's claim is typical of the claims of the class members.

The defendant argues that the plaintiff fails to satisfy the typicality requirement because Socha is not typical of the proposed class, and the defendant has a defense unique as to her. (Def's Br. at 16) OSI argues that because Socha was not actually confused by the letter she will be limited at trial from testifying as to its alleged falsity, deception or confusing nature. The defendant relies on Socha's deposition testimony in which the plaintiff states that she understood the letter and was not confused by the FCBA notice above the FDCPA notice. (Socha Dep. at 23-27.) Furthermore, the defendant argues that the plaintiff fails to meet the typicality requirement because she testified in her deposition that OSI did not use a fictitious name, since the defendant is licensed to do business in Wisconsin under the name Medical Accounting Service and she could have discovered this fact with proper research. (Def.'s Br. at 13.)

4

OSI's argument that actual confusion destroys the required typicality is unavailing. The defendant cites *Turner v. Diversified Adjustment Service, Inc.* as the primary support for this assertion. 2000 WL 748124 (N.D. Ill. 2000). In *Turner*, the plaintiff admitted in his deposition that he did not find confusing one of the two communications alleged to have violated the FDCPA. *Id*. at \*2. The court held that the admission disqualified the plaintiff as a class representative. *Id*. Although *Turner* has similar facts to the case at hand, the decision appears to be contrary to Seventh Circuit precedent regarding the requirements of an FDCPA violation. Statutory damages under the FDCPA do "not depend on proof that the recipient of the letter was misled." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The only proof requirement is violation of the statute, and "whether a debt collection letter violates the law is determined according to the unsophisticated consumer standard, and thus it is not necessary to even show that Plaintiff read the letter or was confused by it." *Mendez v. M.R.S. Assocs.*,2004 WL 1745779 at \*5 (N.D. Ill. 2004) (citing *Bartlett*, 128 F.3d at 499-500). Here, Socha is seeking only statutory damages on behalf of the class, and thus the plaintiff and the class members are not required to show they were personally confused by the letter. Socha's lack of actual confusion does not create a defense or a claim unique from those of the other potential class members. *See Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284 (the fact that plaintiff did not recall reading the letters "does not amount to a defense or a claim unique from those of the other class members."); *Mendez*, 2004 WL 1745779 at \*5 (N.D. Ill. 2004) ("plaintiff's individual experience and confusion with the letter...do not destroy...typicality").

The defendant's argument that the plaintiff's testimony that Medical Accounting Service was not a fictitious name is also unavailing. As discussed above, the unsophisticated consumer

5

standard does not take into account the plaintiff's individual experiences with the letter. Socha's

belief about the validity of Count III is irrelevant to the issue of class certification.

**C. Rule 23(a): Adequacy**

Rule 23(a) requires the class representatives to "fairly and adequately protect the interests of

the class." Fed.R.Civ.P. 23(a)(4). The adequacy requirement is composed of two parts: "'the

adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting

the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n*

*v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Moreover, "[a] class is not fairly and adequately

represented if class members have antagonistic or conflicting claims." *Id.* "A class may not satisfy

the requirements of Rule 23(a)(4) if the class representative does not 'possess the same interest and

suffer the same injury as the class members.'" *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309

F.3d 978, 985 (7th Cir. 2002). Thus, the court must ensure that "there is no inconsistency between

the named parties and the class they represent." *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S.

591, 617 (1997)).

Finally, a class representative must be a "conscientious representative plaintiff." *Rand v.*

*Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). In order to meet this standard, "a class

representative need only possess general knowledge of the case and participate in discovery."

*Thompson v. City of Chicago*, 2002 WL 1303138 at *6 (N.D. Ill. 2002). "There is no requirement

that the representative plaintiff be knowledgeable of either the allegations or the legal theories on

which the lawsuit rests." *Paper Sys., Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 609 (E.D. Wis. 2000).

6

First, the plaintiff's counsel is adequate.  The law firm representing the plaintiff, Ademi &

O'Reilly, LLP, has considerable experience in consumer and class action litigation.  Furthermore,

there are no antagonistic or conflicting claims between the named plaintiff and the class members.

All seek statutory damages for identical alleged violations of the FDCPA.

However, the defendant argues that Socha is not a conscientious representative plaintiff

because of her lack of activity in her role as class representative, lack of knowledge about her claims

and remedies, lack of awareness of the course of litigation, and her seeming unwillingness to take

the case to trial.  (Def.'s Br. at 12)  OSI bases these assertions on the plaintiff's answers in her

deposition.

OSI's argument is unavailing.  "[I]n demonstrating a class representative's adequacy, the

burden is not a heavy one."  *Ries v. Humana Health Plan, Inc.*, 1997 WL 158337 at \*9 (N.D. Ill.

1997).  The Seventh Circuit has stated that "[the] class representative's role is limited.  It was found

not to be enough to defeat a class certification in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366,

15 L. Ed. 2d 807, 86 S. Ct. 845 (1966), that the named plaintiff did not understand her complaint at

all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not

know the defendants by name, nor even the nature of the misconduct of the defendants."  *Eggleston

v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).  Given

this low standard, facts relating to lack of knowledge of the litigation "are entitled to little

weight...when assessing adequacy of representation."  *Gammon v. GC Servs. Ltd. Partnership*, 162

F.R.D. 313, 318 (N.D. Ill. 1995).  In *Gammon*, the court found that the adequacy requirement was

satisfied even though the plaintiff could not remember if he had reviewed the complaint before it was

filed, was unable to respond appropriately to a question about whether he had participated in

7

discovery, incorrectly believed that the defendant was paying his legal fees, did not know the damages each class member would receive should he prevail, was surprised when informed that there would be minimal damages, and believed his duties as class representative only entailed "go[ing] to court . . . [and] on the witness stand and things like that." *Id*.

The defendant cites cases from outside the Seventh Circuit to support its assertion that a class representative must have an active role in litigation, know of the claims, and be able to articulate her role as the class representative. (Def's Br. at 8.) *See, e.g., Kase v. Salomon Smith Barney, Inc*., 218 F.R.D. 149 (D.C. Tex. 2003); *Darvin v. International Harvester Co.*, 610 F. Supp. 255 (S.D.N.Y. 1985). However, some of these cases analyze the role of the class representative under a more stringent standard than that used by the Seventh Circuit. *See Ogden v. Americredit Corp*., 225 F.R.D. 529 (D.C. Tex. 2005) (using the heightened standard applicable to securities fraud class actions as mandated by the PSLRA of "willingness and ability . . . to take an active role in and control the litigation to protect the interests of the absentees);" *Kase,* 218 F.R.D. at159 (same). Other cases contain complexities requiring more sophisticated plaintiffs in order to be an adequate class representative. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp*., 185 F.R.D. 172 (D.C.N.Y. 1999) (complex securities litigation case); *Darvin v. International Harvester Co.*, 610 F. Supp. 255 (S.D.N.Y. 1985) (securities fraud).

To be sure, the plaintiff's answers in her deposition indicate some lack of knowledge of the litigation. However, despite her minimal understanding of the case, the plaintiff meets the low burden for demonstrating her adequacy as a class representative. Socha knows that the claim is based on the letter she received and read, that OCI is the defendant, and that she is entitled to only a minimal amount of damages. The plaintiff has also participated in discovery and been fully

8

cooperative. Given the minimal role played by individual plaintiffs in FDCPA cases, Socha's lack of specific knowledge will not create due process concerns for the potential class members. The primary requirement for a plaintiff in an FDCPA case is that she have received the letter in question. Her knowledge of the specifics of the claim is immaterial to the litigation of the case.

Furthermore, Socha's unwillingness to go to trial does not impact her adequacy as a class representative. It has no bearing on her knowledge of the case or her willingness to participate in discovery. *See Fournigault v. Independence One Mortg. Corp.*, 234 F.R.D. 641 (N.D. Ill. 2006) (adequacy requirement met despite potential unwillingness or inability to participate in trial).

**D. Rule 23(b)**

After satisfying the prerequisites to class certification, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario*, 963 F.2d at 1017. The plaintiff relies on Rule 23(b)(3). In order to qualify for certification under Rule 23(b)(3), the court must be satisfied that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In making predominance and superiority determinations, the court should assess "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id*.

Rule 23(b)(3)'s dominant purpose is "vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). As explained by the Seventh Circuit: "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

The proposed class in the case at hand meets the requirements of Rule 23(b)(3). First, common questions of law and fact predominate over any individual questions. All class members received an identical form letter, and the legal determination of whether this letter violated the FDCPA will occur without regard to individual experiences. Furthermore, a class action is superior to other alternatives for the fair and efficient adjudication of this controversy. The case at hand appears to contain the exact problems the class action mechanism was intended to redress. There are many plaintiffs with small claims to statutory damages, limited to between $100 and $1000. This nominal financial reward is unlikely to provide enough incentive to bring a solo suit. Even if $1000 is considered substantial, the unsophisticated consumers that the FDCPA was intended to protect are

unlikely to be aware of their rights or be willing to subject themselves to the burdens of an individual lawsuit.

The plaintiff has satisfied the requirements of Rule 23(a) and 23(b)(3). In conclusion, and for all of the foregoing reasons, the plaintiff's motion to certify a class will be granted.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to certify a class be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and hereby is **CERTIFIED**:

> (a) All natural persons in the State of Wisconsin (b) who were sent a debt communication in the form represented by Exhibit A [to the Plaintiff's complaint], (c) seeking to collect a debt for personal, family or household purposes, (d) on or after May 24, 2004, (e) that was not returned by the postal service.

**IT IS FURTHER ORDERED** that the August 23rd order to stay proceedings pending the Court's ruling on the plaintiff's motion for class certification be and hereby is **VACATED**;

**IT IS FURTHER ORDERED** that on Monday, September 11, 2006, at 9:00 a.m., a further scheduling conference will be conducted in Room 253 of the United States Court House, 517 E. Wisconsin Ave., Milwaukee, Wisconsin, to discuss with the parties the steps necessary to further process this case.

**SO ORDERED** this 28th day of August 2006, at Milwaukee, Wisconsin.


/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

11